Christopher R. Nolan
K. Blythe Daly
Clayton J. Vignocchi
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3307
Fax: (212) 385-9010
chris.nolan@hklaw.com
blythe.daly@hklaw.com
clayton.vignocchi@hklaw.com

*Attorneys for Applicant*
Yasa Eagle Shipping Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE APPLICATION OF YASA EAGLE SHIPPING LTD., <br><br> REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Civil Action No. 18-Misc. _____ |

### *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

COMES NOW, Applicant, Yasa Eagle Shipping Ltd. ("Yasa"), by and through its undersigned counsel, Holland & Knight LLP, and applies for an *ex parte* Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on banks and professional service providers located within the Southern District of New York (this "District"), and for the production of relevant documents in the possession, custody, and/or control of New York banks including but not limited to: Industrial and Commercial Bank of China; Agricultural Bank of China; Bank of America N.A.; Bank of China; The Bank of New York Mellon; Barclays Bank PLC; BNP Paribas SA; Citibank N.A.; Commerzbank AG; Credit Agricole CIB; Deutsche Bank

Trust Company Americas; HSBC Bank (USA) N.A.; JPMorgan Chase Bank, N.A.; Societe Generale; Standard Chartered Bank; UBS AG; Wells Fargo Bank, N.A. (collectively, the "New York Banks"), for the use in foreign proceedings, as more fully set forth in this Application; the declarations of Wang Hongyu, dated August 9, 2018, and Christopher R. Nolan, dated August 16, 2018 , as well as the exhibits thereto; and the Memorandum of Law; submitted contemporaneously with this Application.

Under 28 U.S.C. § 1782, an applicant may be granted discovery in the United States in aid of a foreign proceeding if the applicant is an interested party to the proceeding and if the information sought is located within the district.

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1782 as this Application is for discovery involving documents and information located within the Southern District of New York, discovery relevant and important to assist Yasa in its foreign proceeding.

At all times material herein, Petitioner Yasa, was and still is a foreign business entity organized and existing under the laws of the Marshall Islands, with an office and place of business at Trust Company Complex, Ajeltake Road, Ajeltake Island, MH 96960 Majuro, Marshall Islands.

Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. § 1782 because the discovery is being sought from corporations (the New York Banks) found within this District and the information or documents sought are located in this jurisdiction. *See* Nolan Decl. ¶ 3.

## FOREIGN PROCEEDING

Applicant Yasa seeks discovery with respect to documents located in the United States and in this District for use in a foreign court proceeding before The People's Republic Of China,

Qingdao Maritime Court.  The proceeding brought by Shandong Sanwei Oil and Fat Group Co. Ltd and subsequently its subrogated insurer, China Life Property and Casualty Insurance Company Limited, Rizhao City Center Sub-branch, concerns disputes pertaining to a contract of carriage of goods by sea against the Defendant, here applicant, Yasa Eagle Shipping Limited (the "Foreign Proceeding").

### RELEVANT FACTS

The facts giving rise to this Application are set forth in detail in the Declaration of Wang Hongyu, dated August 9, 2018 ("Hongyu Decl."), as well as the exhibits thereto.  According to the Hongyu Declaration, the dispute can be briefly summarized as follows:

Applicant, the registered owner of the vessel *M/V YASA EAGLE* (the "Vessel"), issued eleven bills of lading dated May 3, 2017 (the "B/Ls"), in respect to a cargo of soybeans loaded in Paranaguá, Brazil (the "Cargo"). (Hongyu Decl. ¶ 5, Ex. 1.)   The B/Ls expressly incorporate the terms of a charterparty dated April 11, 2017 (the "Charterparty").  (*Id*. ¶ 8.)  The Charterparty contains a dispute resolution clause calling for the application of English Law in London Arbitration.  (*Id*. ¶ 9.)

On June 29, 2017, the Vessel discharged the Cargo at Qingdao, China.  (*Id*. ¶ 5.)  The Cargo was discharged to Shandong Sanwei Oil and Fat Group Co. Ltd. ("Sanwei"), as receivers. (*Id*. ¶ 6.)  During discharge, the cargo in hold number 4 of the Vessel was allegedly exhibiting various levels of mildew damage, heat damage, and degradation.  (*Id.*)

Notwithstanding the dispute resolution clause incorporated in the B/Ls, Sanwei commenced court proceedings against Yasa in the People's Republic of China, Qingdao Maritime Court (the "Court of First Instance") to both arrest the Vessel for security and to determine liability for the alleged damage to the cargo. (*Id*. ¶¶ 7 & 10.)  In response, Yasa mounted a vigorous

challenge to the Court of First Instance's jurisdiction over Sanwei's petition for a determination of liability (*Id.* ¶ 11.) In particular, Sanwei blatantly ignored the Charterparty's terms by seeking to prosecute its underlying claim in the venue where the arrest warrant for the Vessel was issued. (*Id.*) Incidentally, Sanwei's arrest of the Vessel resulted in Yasa's insurer posting a $2,000,000 Letter of Undertaking (the "LOU") as security, so that the Vessel could be released from arrest. (*Id.* ¶ 12.)

Shortly after Yasa challenged the jurisdiction of the Court of First Instance, on January 5, 2018, China Life Property and Casualty Insurance Company Limited, Rizhao City Center Sub-branch ("China Life"), as the alleged subrogated insurer, applied to the Court of First Instance to be substituted for Sanwei as the plaintiff or claimant in the action. (*Id.* ¶ 13.) On January 26, 2018 the Court of First Instance denied Yasa's jurisdictional challenges. (*Id.* ¶ 14.)  On February 6, 2018, the Court of First Instance made a civil ruling recognizing China Life as the alleged subrogated insurer and allowing it to be substituted for Sanwei and to participate in the proceedings as the plaintiff, with Sanwei withdrawing from the proceedings. (*Id.* ¶ 15.) The February 6 Court Order notes that China Life is alleged to have paid Sanwei a portion of Sanwei's alleged soybean contamination claim on December 12, 2017, and that Sanwei issued a subrogation receipt after payment of the insurance proceeds, which receipt all rights and interests in the subject matter insured. (*Id.* ¶ 16.)  No documentary evidence supporting the purported December 12, 2017 payment has been submitted to the Court of First Instance. (*Id.*)

Subsequently, Yasa filed for appeal to the Shangdong Province High People's Court (the "Court of Second Instance") of the Court of First Instance's denial of its challenge to jurisdiction. (*Id.* ¶ 17.) On May 28, 2018, the Court of Second Instance rejected Yasa's appeal and upheld the original ruling finding jurisdiction over the entire action. (*Id.*)

The legal maneuvering of Sanwei and China Life in the Court of First Instance raises fundamental questions of fairness that will be presented to the Chinese Courts in the continuing action and trial. (*Id.* ¶ 18.) In particular, the timing of the purported subrogated payment and China Life's substitution as the real party in interest is suspicious. (*Id.* ¶¶ 18 & 25.) China Life allegedly paid the partial insurance claim and submitted the application for substitution immediately after Yasa strongly challenged the jurisdiction of the Court of First Instance to hear Sanwei's underlying cargo claim in addition to addressing only the preliminary security issues involving the arrest of the Vessel. (*Id.*)

In this Application, Yasa seeks evidence relating to the allegations underlying this suspicious maneuvering which seeks to have the dispute heard in the "home court." (*Id.* ¶ 19.) In particular, Yasa's attorneys in China have learned from public information that China Life appears to be a state-owned enterprise. (*Id.*) There can be no question that China Life, as an arm of the Peoples Republic of China ("PRC"), facing the payment of a substantial insured claim to Sanwei, would rather proceed before the Court of First Instance in Qingdao, China, than in English arbitration. (*Id.* ¶¶ 19 & 20.) Indeed, a Chinese Court is more likely to retain jurisdiction over an action prosecuted by a company that is state-owned. (*Id.*) From Sanwei's perspective, it receives payment and would gladly assign its claim instead of having to fight the underlying claims in London Arbitration. (*Id.* ¶ 20.)

Yasa will have the opportunity to present evidence of this entanglement to the Court of First Instance at trial. (*Id.* ¶ 21.) In support of its arguments at trial, Yasa seeks to submit court documents confirming – or raising questions as to – the veracity of the wire transfer payments between China Life and Sanwei for the alleged cargo contamination claim. (*Id.* ¶ 22.) Bank wire transfer records for China Life and Sanwei located in this District should show payment(s) sent

and received in 2017 or 2018 for the claim.  (*Id.*)   If the wire transfer payments are missing, Yasa has the ability to submit these records for further scrutiny, questioning, or adverse inferences by the Court of First Instance.  (*Id.*)

The Court of First Instance will be receptive to receipt of bank records obtained by subpoenas issuing in this District to New York banks. (*Id.* ¶ 23.)   In particular, Article 64 of the Law of Civil Procedure of the People's Republic of China allows for discovery in litigation. (*Id.* ¶¶ 23 & 24.)

The basis for reviewing U.S. banking records is Sanwei's previous submissions in the lawsuit/to Yasa. (*Id.* ¶ 25 & Ex. 2.)   Sanwei's claim letter to Yasa states the claim in U.S. dollars, notes the commercial invoices are in U.S. dollar amounts, and alleges that the cargo insurance premium is provided in U.S. dollars.  (*Id.*)   Logically, the currency of the alleged insurance payment from China Life to Sanwei should be in U.S. dollars.  (*Id.*)  A wire transfer in U.S. dollars requires U.S. banks to act as intermediaries and the records can be obtained by subpoena to show if the payments were in fact made.  (*Id.*); (Nolan Decl. ¶ 4.)

## REQUEST FOR DISCOVERY ASSISTANCE

Applicant Yasa requests that the Court provide discovery assistance with respect to the Foreign Proceeding, set forth above.  Yasa requests that the New York Banks which are present in the Southern District of New York, be directed to provide discovery, described below, for use in the Foreign Proceeding.  As more specifically described in Yasa Memorandum of Law in Support of an *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782, assistance is appropriate here because: (i) each of the New York Banks "resides" at or is "found" in this district; (ii)  Yasa is an "interested person" (as a party to a Foreign Proceeding); (iii) the Foreign Proceeding has been

commenced before a "foreign or international tribunal"; and (iv) the information obtained will be for use in and in support of the Foreign Proceeding.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Applicant Yasa requests that this Court enter an Order:

1. Authorizing Yasa to issue and serve subpoenas on the New York Banks for the production of the following documents:

    A. Copies of any orders, instructions, or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to, **Shandong Sanwei Oil and Fat Group Co., Ltd.** or **China Life Property and Casualty Insurance Company Limited**, for the period January 1, 2017 to present.

    B. For the period beginning January 1, 2017 to the present, identify any bank accounts in the name of and/or held beneficially for **Shandong Sanwei Oil and Fat Group Co., Ltd.** or **China Life Property and Casualty Insurance Company Limited**, and provide the full records thereof, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments.

    **C.** For the period beginning January 1, 2017 to the present, identify any accounts, loans, lines of credit, or other funding arrangements to **Shandong Sanwei Oil and Fat Group Co., Ltd.** or **China Life Property and Casualty Insurance Company Limited.**

2. Directing the New York Banks to produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under

#59170774_v1

the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

3.      Directing the New York Banks to preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of the Yasa's document request as listed in this Order.

4.      Retaining jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Yasa.

In summary, based on the reasons set forth in this Application; the Declarations of Wang Hongyu, dated August 9, 2018 and Christopher R. Nolan dated August 16, 2018, as well as the exhibits thereto; and the Memorandum of Law; Applicant Yasa clearly meets the requirements of 28 U.S.C. § 1782, and this Application for the Order should be granted.

Dated:      New York, New York
            August 16, 2018

                              HOLLAND & KNIGHT LLP


                      By: */s/ Christopher R. Nolan* _____
                              Christopher R. Nolan
                              K. Blythe Daly
                              Clayton J. Vignocchi
                              HOLLAND & KNIGHT LLP
                              31 West 52nd Street
                              New York, New York 10019
                              Telephone: (212) 513-3307
                              Fax: (212) 385-9010
                              chris.nolan@hklaw.com
                              blythe.daly@hklaw.com
                              clayton.vignocchi@hklaw.com

                              *Attorneys for Applicant*
                              *Yasa Eagle Shipping Ltd.*

#59170774_v1

8